Bland, Chancellor.
A creditor’s suit is regulated by principles, in relation to abatement, in some respects, different from other suits. It is a general rule, that in all cases where a plaintiff or a defendant dies whose entire interest is inseparably mingled with that of the other parties, and yet does not devolve upon any of them, the suit abates; and no further proceedings can be had until it has been regularly revived, (a) But, in a creditor’s suit, all the other creditors of the same debtor may come in and associate themselves, as plaintiffs, with the one by whom it was instituted ; and from the time such creditors file the vouchers of their claims, or are otherwise admitted as co-plaintiffs, the suit may be prosecuted by all or any of them as well as by the originally suing plaintiff. They are all entitled to the same privileges as plaintiffs ; and each one is allowed to take the same stand as against the defendant. And consequently, if he by whom the suit wTas commenced, or any one who has afterwards come in, and taken the position of a plaintiff, dies, the suit does not abate, if there be, at the time, any other unsatisfied creditor standing as a plaintiff; because, although the interest of the deceased does not survive to any of the other parties; yet there are other plaintiffs to whom all the rights, privileges and benefits of the suit do survive, and who are competent to call upon the court for its decree; and *340 who must, therefore, be permitted to support their own interests, and to prosecute the suit for themselves, leaving the representatives of the deceased creditors to come in and renew the prosecution of their claims as they may think proper. (b)
In ordinary cases, at common law, when a creditor dies pending a suit which he had instituted against his debtor, it devolves, as a duty, upon his executor or administrator to see, that it is seasonably revived and prosecuted with effect; and so too in this court. But in creditors’ suits it would be attended with unnecessary; and, in many respects, insufferable delay and expense, to consider the whole suit as abated by the death of any one of the multitude of creditors who may have been associated together as plaintiffs; for there are not unfrequently instances in this court of creditors’ suits in which there have been more than an 'hundred creditors admitted to come in and claim a right to participate in the distribution of the deceased debtor’s estate; and therefore, where a creditor’s bill has been filed by only one creditor, and he dies, after other creditors have come in, as the whole costs are here first paid out of the debtor’s estate, the suit does not necessarily abate; but may be sustained and prosecuted by any creditor who has come in, as well as by any one of the surviving plaintiffs, where the bill has been filed by several; and the representatives of the deceased plaintiff or creditor, by merely filing the legal testimonials of their being clothed with that character, may be permitted to take his place as renewed parties without filing a bill of revivor. (c)
But although the suit cannot be suffered to abate, or to be even unreasonably delayed; because of the occasional dropping off, by death, or the payment of the claims of some of the troop of creditor plaintiffs, who, having a common interest, have therefore been permitted, or required to come in and make common cause in the pursuit of their claims; yet as to the defendant debtor, or his representatives, who hold the fund' upon which the charge is made, the case is very different. It is obviously the interest of such defendants to have every unsound claim rejected; because, after all the creditors are satisfied, they are entitled to the surplus. And *341 even where there may not he a sufficiency to satisfy all the creditors ; it is a duty which such defendants owe to the just creditors of their testator or intestate ancestor or devisor, as well as to themselves, to make all proper disclosures, and to assist in having a fair distribution made by excluding all unfounded claims, so that those only which are clearly valid may obtain the full dividend to which they are entitled.
In this case, therefore, if it he true that William S. Cochran is now dead, it is evident that no further proceedings can be had until his legal representatives have been made parties.
Whereupon it is Ordered, that this case stand over until further order.
After which the plaintiffs, by their petition, stated, that William S. Cochran made his will, by which he appointed William II. Freeman his executor, and died. Whereupon they prayed, that a subpoena might issue, See. And it appearing from the proceedings, that the real estate which descended to the said William S. Cochran, had been converted into personalty; it was thereupon Ordered, that a subpoena scire facias issue against the said Freeman as prayed; which being returned summoned, the suit was ordered to stand revived in all respects against him; and was thereafter prosecuted to a conclusion.

 Boddy v. Kent, 1 Meriv. 361.

 1 Eq. Ca. Abr. 3, p. 7; Fallowes v. Williamson, 11 Ves. 310; Boddy v. Kent, 1 Meriv. 361; Burney v. Morgan, 1 Cond. Chan. Rep. 183; Houlditch v. Donegall, 1 Cond. Chan. Rep. 249; Mitf. Plea. 59; 1 Fowl. Exch. Pra. 68 ; Calvert on Parties, 104, 107.

 Boddy v. Kent, 1 Meriv. 361; Dixon v. Wyatt, 4 Mad. 393; Burney v. Morgan, 1 Cond. Chan. Rep. 183; Houlditch v. Donegall, 1 Cond. Chan. Rep. 249; Handford v. Storie, 1 Cond. Chan. Rep. 414.